SOUTHWESTERN MOTOR CARRIERS CORP. v. STATE et al.

No. 30415. May 5, 1942.

*125 P. 2d 760.*

W. C. Austin and Robert B. Harbison, both of Altus, and W. D. Benson, Jr., of Lubbock, Tex., for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for State of Oklahoma.

L. V. Reid, General Counsel, and Floyd Green and Ed White, Assts., for Corporation Commission.

GIBSON, J. This is an appeal by a protestant from an order of the Corporation Commission granting to a common carrier a certificate of convenience and necessity extending its class "A" motor carrier passenger service beyond its present operations as heretofore authorized.

The defendant in error Oklahoma Transportation Company filed its amended application for certificate of public convenience and necessity with the commission "extending its present operations from Lawton, Okla., via State Highway 36 to Fort Sill Military Reservation. Seeking to render service between Ft. Sill and all points it now serves; particularly Oklahoma City and Duncan, Oklahoma." Plaintiff in error, Southwestern Motor Carriers Corporation, and certain others appeared in protest, challenging the commission's jurisdiction on the ground that it was without power to grant a certificate authorizing passenger service into a military reservation, and that the contemplated service was not between fixed termini as required by law.

After a hearing pursuant to 47 O. S. 1941 § 166, the commission entered its order granting the application to the following extent:

"For the transportation of passengers between Ft. Sill, Oklahoma, on the one hand, and all points now served under Amended Certificate No. 755 at and beyond Duncan, Marlow and Geronimo, on the other hand, and in reverse order."

And a portion of the application was denied as follows:

"It is the further order of the Commission that insofar as said amended application seeks authority to transport passengers between Lawton and Ft. Sill, as purely local movements, be, and the same is hereby dismissed for want of jurisdiction."

The appeal brings here for review the action of the commission in overruling the objection to the jurisdiction as aforesaid; and protestant also challenges the sufficiency of the evidence to show the existence of public convenience and necessity justifying the commission's order.

Under a former certificate, the applicant is now operating a passenger service through the city of Lawton with Marlow on the northeast, Duncan on the southeast, and Geronimo on the south, as so-called gateway towns on its route leading into Lawton; that is, they are the first incorporated towns served by petitioner in all directions out of Lawton. Petitioner's bus route as formerly established runs due west into Lawton, thence due south. Fort Sill lies north of Lawton and some four or five miles off this route. The order on review would permit applicant to run its busses off its established route at Lawton north to Fort Sill on State Highway 36, and back on said highway to Lawton for the purpose of transporting passengers to Fort Sill from or beyond the gateway towns aforesaid, or from Fort Sill to or beyond said gateway towns.

As above said, the protestant asserts that by reason of certain statutes (80 O. S. 1941 §§ 1, 2, 4) the commission was without power to authorize passenger service to and from a military reservation. But the commission in its

brief interprets the order not as authorizing service inside the reservation but only to and from the point where State Highway 36 terminates at the south boundary of the reservation. We accept that interpretation, and will therefore give no further consideration to that particular jurisdictional question.

Protestant says the authority applied for and granted was not between fixed termini as defined by law, and the order was therefore without the jurisdiction of the commission.

Whether the boundary line of the reservation was a proper place for taking on and discharging passengers to and from incorporated towns beyond Lawton and points further on, and within the power of the commission to so order, must be determined from the statutes dealing with the particular subject. The general powers conferred upon the commission by the Constitution are not in dispute here.

The controlling sections are 47 O. S. 1941, §§ 161-166.

Applicant is a motor carrier within the definition of that term as contained in said section 161 (b), which reads in part as follows:

"(b) The term 'motor carrier,' when used in this Act, means any person, firm, business, trust, or corporation, lessee or trustee or receiver, operating any motor vehicle upon any public highway for the transportation of passengers or property for compensation or for commercial purposes, doing an intercity business and not operating exclusively within the limits of an incorporated city or towns within this state."

It also falls within the definition of a class "A" motor carrier as expressed in said section 161 (1), as follows:

"(1) Class 'A' carriers shall include all motor carriers operating as common carriers, of persons or property between fixed termini or over a regular route, even though there be periodic or irregular departures from said termini or route."

By section 162 the Corporation Commission, as to motor carriers, is vested with full authority as now existing in it by virtue of the Constitution and statutes with reference to transportation and transmission companies, and the duty is enjoined upon it, "to supervise and regulate every motor carrier doing an intercity business, whether operating between fixed termini or over a regular route or otherwise and not operating exclusively within the limits of an incorporated city or town in this state; . . ."

It is not disputed here that the commission has general powers to authorize class "A" motor carrier service on the highways, if the carrier is to operate an intercity business, where the public convenience and necessity may demand, or for like reason, extend any such service theretofore authorized. Section 166, supra, provides in part as follows:

"It is hereby declared unlawful for any motor carrier heretofore defined as a class 'A' carrier, to operate or furnish service within this state without having obtained from the Corporation Commission a certificate declaring that public convenience and necessity require such operation. The Corporation Commission shall have power, and it shall be its duty after public hearing, to issue said certificate as prayed for, or to refuse to issue the same, or to issue it for the partial exercise only of said privilege sought, and may attach to the exercise of the rights granted by such certificate, such terms and conditions as in its judgment the public convenience and necessity may require. The Corporation Commission may at any time after a hearing and for good cause, suspend, alter, amend or revoke any such certificate."

And the same section requires the carriers to "operate and furnish service in strict conformity with the current existing terms and provisions of their respective certificates of convenience and necessity."

Under the above statutes the commission is authorized to grant to any suitable party a certificate of convenience and necessity as a class "A" motor car-

494

rier where the operations are to extend to two or more cities on the public highway, back and forth between fixed termini, or where the operations extend to two or more cities over a defined route of a circuitous or roundabout nature, out one way and return another, without actual fixed termini. The word "or" as used in the phrase "between fixed termini or over a regular route" was intended to apply disjunctively, thus giving to the statute the meaning that the commission could grant a certificate either to operate such service back and forth between fixed termini, or to operate a circuitous route, without actual termini, as aforesaid. And in addition, and in either event, the commission under proper conditions may authorize regular or irregular departures from said termini or route.

In our opinion the certificate under attack is valid as granting periodic or irregular departure, as the case may be, from the established route of the applicant, whether that route was between fixed termini or otherwise as aforesaid. It is valid as a departure from its intercity route. In arriving at this conclusion we have considered and treated the extension in the same manner as if it had been included in the original certificate. The statute plainly authorizes such departure notwithstanding the same may be up and back the same highway, and the commission may permit the carrier to take on and discharge passengers in such case, and at places other than cities. Intercity passenger service is not limited to passengers traveling from one city to another, but, as stated in section 161 (d), "(d), the term 'intercity' as used in this act is defined as describing transportation of either passengers or property, when such transportation is from one incorporated city or town to or through another incorporated city or town or through two or more incorporated cities or towns, regardless of the point of origin or destination." Carrying passengers in intercity traffic to and from the south boundary line of the military reservation on State Highway 36, as a departure from the route for-

merly established, is well within the functions of a class "A" motor carrier, and it is within the powers of the commission to grant a certificate of convenience and necessity to that end where public demand justifies.

It is unnecessary for us to determine whether the boundary line of the reservation at State Highway 36 constitutes a terminus within the meaning of the statute.

The evidence pertaining to public convenience and necessity is amply sufficient to justify the commission's order. It is shown that owing to the large number of soldiers now stationed at Fort Sill, and visitors constantly coming and going, the present facilities are wholly inadequate to meet the demand for passenger transportation. And it is further shown that the public is anxious to take advantage of the services to be offered pursuant to the certificate so granted.

The order is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., absent.